UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff/Respondent, )<br>)<br>v. )<br>)<br>MARQUISE J. BOWERS, )<br>)<br>Defendant/Movant. ) | No. 0:06-CR-7-DLB-REW-1<br>No. 0:17-CV-71-DLB-REW<br><br>RECOMMENDED DISPOSITION |

\*\*\* \*\*\* \*\*\* \*\*\*

On June 23, 2017,[1] Marquise J. Bowers, a federal inmate, filed a *pro se*[2] motion under 28 U.S.C. § 2255. DE #87 (Motion). The Court conducted an initial review of the motion and perceived it to be untimely. DE #89 (Order). However, in order to give Bowers a fair opportunity to respond, the Court ordered briefing on the issue of timeliness and equitable tolling. *Id.* Bowers submitted a brief. DE #90 (Response). The United States then responded, seeking dismissal. DE #91. Having reviewed the filings under the applicable standards, the Court **RECOMMENDS** that the District Court **DISMISS** the time-barred motion (DE #87) **WITH PREJUDICE** and **DENY** a Certificate of Appealability.

**I.    STATUTE OF LIMITATIONS**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Section 2255 provides in relevant part:

---

[1] This filing date reflects the prison mailbox rule, liberally construed. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam). Here, Bowers certified that he mailed the motion on June 23, 2017. DE #87, at 9.

[2] *Pro se* filings receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief") (citation omitted).

>A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
>>(1) the date on which the judgment becomes final;
>>
>>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Judge Bunning entered judgment[3] on July 20, 2007. DE #61 (Judgment). Bowers did not appeal. The Judgment, therefore, became final on July 30, 2007. Fed. R. App. P. 4(b)(1)(A); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Bowers then had one year from July 30, 2007, to file a timely § 2255 motion. *See* § 2255(f)(1). He did not file his motion until June 23, 2017, thereby missing the (f)(1) filing deadline by nearly 9 years.

In the filing, Bowers's sole contention is that *Mathis v. United States*, 136 S. Ct. 2243 (2016), operates to void the foundation for his career offender designation, requiring resentencing. *See* DE #87. Bowers's timeliness brief, DE #90, confirms that his lone timeliness argument is *Mathis*-dependent. *See id.* at 1-2. Movant's theory is that he timely filed within one

---

[3] Bowers pleaded guilty to Counts 1 and 3, crack cocaine trafficking charges under 21 U.S.C. § 841(a)(1), and firearm possession in furtherance of drug trafficking under 18 U.S.C. § 924(c)(1). DE #24 (Rearraignment Minutes). Judge Bunning sentenced Movant to 300 months of imprisonment and 10 years of supervised release. DE #61 (Judgment).

year of *Mathis* (decided June 23, 2016), and, thus, his petition is timely under § 2255(f)(3).[4] *See* DE #87, at 2.

As the Court has already recounted, and as the United States echoes, Bowers's argument is misplaced. Post-*Mathis* case law harmoniously indicates that *Mathis* did not announce a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" so as to open a new 1-year filing window per § 2255(f)(3). *See Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) ("*Mathis* did not announce . . . a [new] rule [of constitutional law]; it is a case of statutory interpretation."); *Washington v. United States*, ___ F.3d ___, ___, No. 17-780, 2017 WL 2979160, at *2 (2d Cir. July 13, 2017) (per curiam) (holding that *Mathis* "was interpreting ACCA, not the Constitution" and "did not reflect a new rule"); *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) ("*Mathis* did not announce a new rule."); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) ("Lott has failed to make a prima facie showing that *Mathis* . . . set forth [a] new rule[] of constitutional law . . . made retroactive to cases on collateral review."); *see also, e.g.*, *United States v. Vanover*, No. 10-14-DLB-REW-1, 2017 WL 1356328, at *6 (E.D. Ky. Apr. 11, 2017) ("[I]t is evident that *Mathis* does not announce a new substantive rule or apply retroactively on collateral review."); *Atkinson v. United States*, No. 1:16-CV-67, 2017 WL 1227876, at *2 (W.D. Mich. Apr. 4, 2017) ("*Mathis* did not announce a new constitutional rule[.]"); *King v. United States*, 202 F. Supp. 3d 1346, 1359 (S.D. Fla. 2016) ("*Mathis* should not be applied retroactively[.]"); *Crawford v. United States*, No. 10-20269, 2016 WL 5402967, at *2 (E.D. Mich. Sept. 28, 2016) (same).

---

[4] Bowers also cites (f)(4), arguing that *Mathis* "is a new discovered fact[.]" DE #87, at 1-2. That is wrong. "The discovery of new judicial precedent does not constitute a 'new fact,' triggering the limitations period of § 2255(f)(4)." *Fleming v. United States*, Nos. 16-cv-10085, 08-cr-20275, 2017 WL 3149175, at *2 (E.D. Mich. July 25, 2017). The Sixth Circuit has plainly said that "§ 2255(f)(4) is directed at the discovery of new facts, not newly-discovered law[.]" *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013).

As many courts have noted,[5] *Mathis*'s own explicit language confirms that it announced nothing new. The Supreme Court, throughout the case, took pains to explain that the decision broke utterly no new ground. *Mathis* was a decision made "[u]nder our precedents," applying what the Court "ha[s] often held" and those holdings' repeated "longstanding principles." 136 S. Ct. at 2251. Per Justice Kagan, the Supreme Court simply applied the "essential rule[s] governing ACCA cases" established "more than a quarter century ago"—a series of "simple point[s]" that "became a mantra," repetition of which the Court feared may risk "downright tedium." *Id.* at 2251-52. The Supreme Court called *Mathis* a "straightforward case" under precedent tracing back over "25 years" and a decision merely applying "[e]verything this Court has ever said about ACCA[.]" *Id.* at 2257.

Accordingly, § 2255(f)(1), which Bowers makes no credible attempt to avoid, not § 2255(f)(3) or (4), controls the timeliness inquiry here. Simply put, Bowers missed the (f)(1) deadline and filed more than one year after the judgment became final. The motion is conclusively time-barred under § 2255(f).

## II.     EQUITABLE TOLLING

Further, equitable tolling does not spare Bowers's motion.[6] The AEDPA statute of limitations is not jurisdictional; therefore, equitable tolling may be permissible in some circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (citing *Day v. McDonough*, 126

---

[5] For a quite fresh example, *see United States v. Martinez-Lopez*, ___ F.3d ___, ___, No. 14-50014, 2017 WL 3203552, at *3 (9th Cir. July 28, 2017) (en banc) ("*Mathis* did not change the rule stated in *Descamps*; it only reiterated that the Supreme Court meant what it said when it instructed courts to compare elements.").

[6] Equitable tolling applies to § 2255 motions. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001), *abrogated on other grounds by Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011) ("Because there is a rebuttable presumption that equitable tolling applies to statutes of limitations and there is no indication that Congress did not intend for equitable tolling to apply to the limitation period in habeas cases, the one-year statute of limitations in § 2255 is subject to equitable tolling."). The Government does not contest its conceptual applicability. DE #91.

S. Ct. 1675, 1681 (2006)); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). However, the doctrine applies "sparingly," and the burden is on the defendant to prove its applicability. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). When requesting equitable tolling of the AEDPA limitation period, a petitioner bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005)). The Sixth Circuit accordingly evaluates requests for equitable tolling under this two-part test. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (no longer following the five-factor test). The proper inquiry is case-by-case and fact-based. *See Holland*, 130 S. Ct. at 2562-63. The doctrine "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Plummer v. Warren*, 463 F. App'x 501, 504 (6th Cir. 2012) (citation and internal quotation marks omitted).

There is utterly no justification here to apply the doctrine of equitable tolling. Again, needless to say, the delay of **over 3,600 days (nearly 10 years)** between conviction finality and Movant's § 2255 filing conclusively undercuts the diligence of Bowers's rights pursuit. The docket reflects **no Bowers activity** from the 2007 Judgment entry until his 2013 letter regarding U.S.S.G. Amendment 750. Bowers attempts to establish diligent rights pursuit by tersely asserting that "he did not learn of the Supreme Court's holding in Mathis until May of 2017 whenever he retained access to new legal information from other prisoners." DE #90, at 2 (all as in original). He says he "was constantly questioning others for legal advice," but "did not receive information about Mathis until other inmates informed him about it in May 2017." *Id.* (all as in original). *Mathis* was publicly available for Bowers (for anyone) to read since June 2016; that it

5

took Bowers 11 months to discover it does nothing to suggest diligence. More fundamentally, *Mathis*, as discussed, merely reinforced the Supreme Court's prior quarter century of ACCA jurisprudence, which Bowers did not timely bring to the Court's attention as a basis for relief. [Indeed, he makes no attempt to explain why he let 6 years pass, with that case law in existence, with *no* activity whatsoever.] Finally, Movant's professed reliance on the actions of "other prisoners" or "others" only further harms his bid for tolling: a "petitioner['s] . . . reliance on a third party is insufficient to justify equitable tolling." *Traverso v. Ryan*, No. CV-13-224-PHX-DLR, 2015 WL 4606543, at *3-*4 (D. Ariz. July 31, 2015) (citing cases); *see also Hunter v. Galaza*, No. 1:05-CV-01300-OWW-TAG HC, 2007 WL 2812176, at *6 (E.D. Cal. Sept. 26, 2007) (referencing "Petitioner['s] . . . own responsibility . . . to take reasonable steps to file his federal habeas petition with[in] one year"). Bowers's ignorance of *Mathis* / the law simply "is not sufficient to warrant equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

The record thus reveals no extraordinary circumstance sufficient to warrant equitable tolling, and Bowers does not attempt any such further identification.[7] Bowers had one year to file a habeas motion after expiration of the time to appeal, but he did not do so. Under the prevailing standards, the doctrine of equitable tolling does not apply to save the untimely motion.[8] Bowers

---

[7] Regarding *Mathis*, "a change in decisional law is usually not, by itself, an 'extraordinary circumstance[.]'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001); *see also, e.g.*, *Osborne v. United States*, 559 F. App'x 807, 810 (11th Cir. 2014) (rejecting "an argument that the change in law effectuated by the Supreme Court's decision in *Maples* is the extraordinary circumstance justifying the reopening of his original § 2255 motion so that [the movant] can try to show cause and prejudice to overcome the procedural bar"); *Bazemore v. United States*, 946 F. Supp. 2d 1376, 1382 (S.D. Ga. 2013) ("*Stewart* simply is not an extraordinary circumstance that justifies . . . equitably tolling the one year statute of limitation of § 2255(f).").

[8] Due to the recommended resolution, the Court does not formally assess the significance of Bowers's collateral attack waiver, which would likely here be significant. *See* DE #59, at ¶ 12. Movant does not seek to invalidate that waiver, which a court would typically enforce in this

6

did not timely file a § 2255 motion, and nothing but his own chosen course of conduct caused that result. He does not demonstrate a diligent rights pursuit or show any extraordinary obstacle to timely filing. The tolling burden is Movant's, and he fails to carry it.

### III.   CONCLUSION

The Court **RECOMMENDS** that the District Court **DISMISS** the time-barred motion (DE #87) **WITH PREJUDICE** and **DENY** a Certificate of Appealability.[9]

\* \* \* \* \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 4th day of August, 2017.

---

context. Legal developments subsequent to judgment finality do not "render an otherwise valid plea involuntary or unknowing." *United States v. Whitsell*, 481 F. App'x 241, 243 (6th Cir. 2012). "The possibility of changes in the law is simply one of the risks allocated by the parties' plea agreement." *United States v. Ryerson*, 502 F. App'x 495, 498 (6th Cir. 2012) (internal alterations removed); *see also United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005); *In re Garner*, 664 F. App'x 441, 443-44 (6th Cir. 2016). Bowers raises no ineffective assistance ground.

[9] No Certificate of Appealability should issue because the timeliness result is not on this record fairly debatable. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000) (requiring a petitioner to demonstrate, when a court dismisses on procedural grounds, that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").



Signed By:
**Robert E. Wier**  *REW*
United States Magistrate Judge