UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 06-7-DLB-REW

UNITED STATES OF AMERICA                                              PLAINTIFF

vs.           **ORDER ADOPTING REPORT AND RECOMMENDATION**

MARQUISE J. BOWERS                                                    DEFENDANT

* * * * * * * * * * * * * * *

I.    INTRODUCTION

This matter is before the Court on Defendant Marquise J. Bowers' motion to vacate his sentence under 28 U.S.C. § 2255. (Doc. # 87). Consistent with local practice, this matter was referred to United States Magistrate Judge Robert E. Wier for the purpose of reviewing the motion and preparing a Report and Recommendation ("R&R"). On August 4, 2017, Judge Wier issued his R&R (Doc. # 92) wherein he recommends that Defendant's motion be denied. Defendant having filed objections to the R&R (Doc. # 93), the R&R is ripe for review. For the reasons set forth herein, Defendant's Objections, (Doc. # 93), are **overruled** and the R&R, (Doc. # 92), is **adopted** as the findings of fact and conclusions of law of the Court.

II.   ANALYSIS

A.    **Standard of Review**

The Court reviews *de novo* those portions of the R&R to which specific objections have been filed. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Where no objections are made, or the objections are vague or conclusory, the Court is not required to review

1

under a *de novo*, or any other, standard. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Jenkins*, No. 6:12-cr-13-GFVT, 2017 WL 3431834, at *1 (E.D. Ky. Aug. 8, 2017). Allegations in *pro se* habeas complaints are held to a less stringent standard and given more "liberal construction," however "inartfully pleaded." *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (quoting *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Burris v. United States,* 430 F.2d 399, 403 (7th Cir.1970), *cert. denied,* 401 U.S. 921 (1971)).

An objection that does "nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Shephard*, No. 5:09-cr-81-DLB, 2106 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004); *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011)); s*ee also Shabazz-el-Bey v. Daley*, No. 2:115-cv-173-DLB, 2016 WL 7217633, at *1 (E.D. Ky. Dec. 13, 2016). Thus, "objections that merely restate arguments in the memoranda considered by the Magistrate Judge are not proper, and the court may consider such repetitive arguments waived." *Holl*, 2011 WL 4337038 at *1. Where an objection is simply a repetition of what the Magistrate Judge has already considered, it fails "to put the Court on notice of any potential errors in the Magistrate's R&R." *Shephard*, 2016 WL 9115464 at *1 (citing *VanDiver*, 304 F. Supp. 2d at 938).

**B.    Background**

Defendant's § 2255 motion to vacate raises one argument: that the Supreme Court case *Mathis v. United States*, 136 S.Ct. 2243 (2016), established "new facts as a basis for the claim." (Doc. # 87 at 1). Upon review of the date of Defendant's conviction and

2

the date the motion was filed, and noting that more than nine (9) years had elapsed in between, Judge Wier ordered Defendant to show cause why his motion should not be dismissed. (Doc. # 89). Judge Wier also noted that, based upon on the record in front of him, equitable tolling would not apply. *Id*. at 3. Defendant filed a motion arguing that that he should be afforded equitable tolling. (Doc. # 90). The United States responded, (Doc. # 91), and on August 4, 2017, Judge Wier issued his R&R. (Doc. # 92). Defendant timely raised one specific objection, arguing that Judge Wier erred in concluding that equitable tolling was not applicable. (Doc. # 93).

**C.    Equitable Tolling is not applicable to Defendant's motion.**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one year statute of limitations for filing § 2255 motions. 28 U.S.C. § 2255(f). In his R&R, Judge Wier found that Defendant's Judgment was entered on July 20, 2007, and became final on July 30, 2007. (Doc. # 92 at 2). He had one year from that date to file his § 2255 motion; instead, he waited until June 23, 2017, missing the deadline by almost nine (9) years. *Id*. Under most circumstances, a defendant who does not satisfy the one-year statute-of-limitations imposed by AEDPA is barred from any relief under the statute; however, the doctrine of equitable tolling gives a court "authority to excuse late-filed habeas claims in appropriate circumstances." *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007).

It is Defendant's burden to prove that he is entitled to this doctrine, and in order to meet that burden, he must show, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Freeman v. Trombley*, 483 F. App'x 51, 55 (6th Cir. 2012) (quoting *Holland v. Florida*, 560

3

U.S. 631, 649 (2010)) (internal quotations and citation omitted).

In support of his objection, Defendant attempts to argue that the "extraordinary circumstance" standing in his way was the absence of the Supreme Court's *Mathis* decision. (Doc. # 93 at 2). In addition to this being a logically unsupportable argument, the Sixth Circuit has clearly stated that *Mathis* is not to be applied retroactively. *In re Conzelmann*, 872 F.3d 375 (6th Cir. 2017). Defendant also argues that his diligence is shown through docket activity in his 2013 application for a sentence reduction. *Id.* (referring to Docs. # 85 and 86). This argument is unavailing—simply filling up a court's docket is not commensurate with "actively pursu[ing] judicial remedies" to preserve one's legal rights*. Irwin v. Dep't. of Vet. Affairs*, 498 U.S. 89, 96 (1990).

Defendant's arguments are not persuasive. Judge Wier did not err in finding that Defendant did not meet his burden of proving he was entitled to equitable tolling.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Defendant's Objection to the Magistrate Judge's R&R (Doc. # 93) is hereby **OVERRULED**;

(2) The Magistrate Judge's Report and Recommendation (Doc. # 92) is **ADOPTED** as indicated herein;

(3) For reasons set forth in the Magistrate Judge's R&R (Doc. # 92), the Court determines there would be no arguable merit for an appeal in this matter and, therefore, **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE**; and

(4) This matter be, and is hereby **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

This 26th day of December, 2017.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\Ashland Criminal\2006\06-7 Order adopting R&R re 2255.docx